United States District Court
Southern District of Texas
**ENTERED**
May 29, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEPHEN  CLARK, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-40 |
| | § | |
| LORIE  DAVIS-DIRECTOR TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Stephen Clark is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID) and currently is incarcerated at the Lynaugh Unit in Fort Stockton, Texas.  Petitioner, who is represented by counsel, filed this petition pursuant to 28 U.S.C. § 2254 on February 9, 2018.   Petitioner claims that his constitutional rights were violated during his trial and appellate proceedings.  Respondent filed a motion for summary judgment on March 29, 2018 (D.E. 11) to which Petitioner responded on April 17, 2018 and May 5, 2018 (D.E. 12, 13).   For the reasons set forth below, it is recommended that Respondent's Motion for Summary Judgment be granted and Petitioner's Application for Habeas Corpus Relief be dismissed with prejudice.   It is further recommended that any request for a Certificate of Appealability be denied.

## JURISDICTION

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is proper here because Petitioner was convicted in Nueces County, Texas, which is

located in the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. §

2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## **BACKGROUND**

Petitioner was indicted on August 25, 2005 and reindicted on November 3, 2005

in the 319th Judicial District Court of Nueces County, Texas on three counts of sexual

assault of a child (I CR 8-11; D.E. 10-1 at pp. 8-11).  On September 12, 2006 Petitioner

pleaded guilty to the three counts, and pursuant to a plea agreement, adjudication of guilt

was deferred for ten years on all three counts (I CR 248-251; D.E. 10-4 at pp. 3-6).

On July 9, 2014, a motion to revoke probation was filed alleging that Petitioner

had violated a number of his conditions of probation (I CR 339-341; D.E. 10-4 at pp. 39-

42).  On November 24, 2014, an amended motion to revoke was filed in which it was

alleged that Petitioner had (1) submitted a positive urinalysis test for Amphetamines on

June 2, 2014; (2) failed to make six monthly $5.00 sex offender payments; (3) failed to

make three monthly $60 supervision fee payments; (4) failed to report to his specialized

substance abuse caseload officer on May 19, 2014; (5) failed to observe his 11:00 p.m.

curfew on September 10, 2014; (6) failed to attend sex offender treatment; (7) met with

the victim of the assault on or about a date in 2010; and (8) failed to be at home on

Halloween evening in 2014 (I CR 339-342; D.E. 105 at pp. 20-23).  A revocation hearing

was held and Petitioner was represented by retained counsel John Flint and Keith Gould.

Following the hearing, Petitioner was adjudicated guilty on the three counts of sexual

assault of a child and sentenced to three twenty-year sentences to run concurrently (I CR

337-338; D.E. 10-5 at pp. 18-19, 67).

2 / 15

On March 13, 2015 Petitioner filed a motion for reconsideration or reduction of sentence and following a hearing, the motion was denied on May 18, 2015 (Supp. RR at 1-80; D.E. 10-10 at 1-80; I CR 344-346, 386; D.E. 10-5 at pp. 25-27).  On April 3, 2015, Petitioner filed a motion for new trial and motion in arrest of judgment (I CR 358-360; D.E. 10-5 at pp. 39-41).  On that same day, Flint and Gould filed motions to withdraw and attorney Christopher Gale was appointed to represent Petitioner on appeal (I Cr 369-372; D.E. 10-5 at pp. 50-54).  On June 4, 2015 Gale filed a motion for reconsideration or reduction of sentence (I CR 273-275; D.E. 10-5 at pp. 54-56).  None of the motions seeking reconsideration of the revocation or the sentence imposed was granted.

Petitioner filed a *pro se* notice of appeal and on September 23, 2015, attorney Gale filed an *Anders* brief,[1] asserting that there were no grounds for appeal of either the original or revocation proceedings (*See* Amd. Brief for Appellant in *Clark v. State*, No. 13-15-00183-CR, located herein at D.E. 10-11).  Petitioner did not file a *pro se* brief.  On May 19, 2016, the Thirteenth Court of Appeals affirmed the conviction.  *Clark v. State*, No. 13-15-00183-CR, 2016 WL 2956076 (Tex. App. Corpus Christi 2016, no pet.)(located herein at D.E. 10-12).  Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.

On August 4, 2017, Petitioner, represented by counsel, filed an application for habeas relief in state court.  *Ex Parte Clark*, WR-87,646-01 at 2-186 (D.E. 10-16 at pp. 5-101 and D.E. 10-17 at pp. 1-88).  The State filed an answer and on October 18, 2017, the habeas trial court entered findings of fact and conclusions of law, recommending that

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

3 / 15

habeas corpus relief be denied. *Id.* at 244-246 (D.E. 10-18 at pp. 40-42). On January 24, 2018 the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. *Id.* at "Action Taken" page (D.E. 10-14).

Petitioner filed this federal petition on February 9, 2018 and makes the following allegations:

(1) The attorneys who represented him at the revocation proceedings provided ineffective assistance of counsel when they
(a) delayed the case unnecessarily;
(b) failed to convey a plea bargain offer;
(c) failed to interview any of the witnesses who could have assisted petitioner; and
(d) failed to properly prepare for the hearing on the State's motion to adjudicate guilt;

(2) Petitioner's appellate attorney provided ineffective assistance of counsel when he
(a) failed to ascertain that a hearing had been conducted at which evidence was presented; and
(b) failed to address the merits of Petitioner's appeal;

(3) Petitioner was denied due process at the state court habeas hearing when
(a) the case was assigned to a judge who was also a fact witness and
(b) Petitioner was denied an evidentiary hearing.

In her motion for summary judgment, Respondent argues that Petitioner's first and second claims are time-barred and his third claim is not cognizable on habeas review. Petitioner counters that he believed that he timely filed his habeas petition, but if he did not, he is entitled to equitable tolling of the limitations period because he made a mistake and otherwise pursued his rights diligently. Petitioner also argues that his third claim is cognizable because he is alleging due process violations.

## APPLICABLE LAW

**B.  Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limitations statute, 28 U.S.C. § 2244(d), provides the following with regard to the deadline for filing an application for writ of habeas corpus:

(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on June 20, 2016, which was the expiration of the thirty-day period for filing a PDR with the Texas Court of Criminal Appeals.  *See* Tex. R. App. Proc. 68.2 (PDR must be filed within 30 days after the day the court of appeals' judgment was rendered).[2]  Petitioner had one year from that day, or until June

---

[2] The thirtieth day was June 18, 2016, which was a Saturday.

20, 2017, to file his federal petition.  He did not file the current petition until February 9,

2018, more than seven months too late.

Under the statute, the time during which a properly filed application for state court

collateral review is pending shall not be counted toward any period of limitation.  28

U.S.C. § 2244(d)(2).  *See also Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999)

(petitioner entitled to equitable tolling from the time he filed his state habeas application

until it was denied).  Petitioner filed his state habeas action on August 4, 2017 and it was

pending until January 24, 2018, a period of 174 days.  However, the state habeas action

did not toll the federal limitations period because it was not filed until after the

limitations period had run.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Accordingly, Petitioner's habeas corpus action was filed after the expiration of the

AEDPA statute of limitations.

Petitioner argues that under the holding in *Jimenez v. Quarterman*, 555 U.S. 113

(2009), the limitations period in his case did not start until ninety days after the

Thirteenth Court of Appeals affirmed his conviction, or until August 17, 2016.  If that

were true, the one-year limitations period in his case would have expired on August 17,

2017.  Petitioner then argues that the state habeas petition was pending from the day it

was mailed, July 28, 2017, until the Texas Court of Criminal Appeals denied it on

January 24, 2018, a period of 180 days.  Adding 180 days to the deadline would have

extended it to February 13, 2018[3] and the petition would have been timely because it was filed on February 9, 2018.

However, Petitioner's calculation is incorrect.  The *Jimenez* case did not address, much less change, the well-established rule set out at 28 U.S.C. § 2244(d)(1)(A) that a judgment becomes final for purposes of the AEDPA deadline at the conclusion of direct review or the expiration of the time for seeking such review.  If a habeas petitioner does not seek a PDR from the Texas Court of Criminal Appeals, his conviction becomes final at the expiration of the thirty-day period for seeking such review.  "We have held that, when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30-day period in which he could have filed the petition—that is, 'when the time for seeking further direct review expired.'"  *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011)(quoting *Roberts v. Cockrell*, 319 F.3d 690, 694-695 (5th Cir. 2003)).

The *Jimenez* court held that when a petitioner is granted an out-of-time appeal, the judgment does not become final for purposes of § 2244(d)(1)(A) until the conclusion of direct review triggered by the granting of the out-of-time appeal.  *Jimenez*, 555 U.S. at 686-687.  It did not otherwise address the direct review process.  Petitioner seems to believe that *Jimenez* held that the limitations period does not begin to run until the expiration of the ninety-day period for seeking a writ of certiorari to the United States Supreme Court, but this is an incorrect reading of the case.  A petitioner is not entitled to seek a writ of certiorari until the Texas Court of Criminal Appeals has denied a PDR filed

---

[3] Petitioner said he had until February 12, 2018 to file the federal habeas petition, rather than February 13, 2018 (D.E. 1 at p. 13).  The difference in the dates does not affect the analysis or recommendation.

in that court.  "Consistent with the relevant jurisdictional statute, 28 U.S.C. § 1257, the Court's jurisdiction to review a state-court decision is generally limited to a final judgment rendered by the highest court of the State in which decision may be had." *Flynt v. Ohio*, 451 U.S. 619, 620 (1981)(*per curiam*).  The ninety-day deadline only comes into play after a petitioner has filed and been denied a PDR.  *See* Sup. Ct. Rule 13 (setting out 90-day period in which to file a petition for writ of certiorari to review judgment entered by state court of last resort).  Accordingly, Petitioner cannot rely on *Jimenez* to argue that his conviction did not become final until August 17, 2016 and his application for federal habeas relief is barred by the one-year statute of limitations.[4]

### B.  Equitable Tolling

Petitioner argues that he is entitled to equitable tolling of the statute of limitations because he "believed that his AEDPA filing deadline was the one year plus 90 day deadline announced in [*Jimenez*]."  (Resp. to Mot. for Sum. Jmt. at p. 4; D.E. 12 at p. 4).  As discussed above, Petitioner's counsel was mistaken about the holding in *Jimenez*.

"'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008)(quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)(per curiam)).  The AEDPA one-year limitations period is not jurisdictional

---

[4] Petitioner also argues that *Gonzalez v. Thaler*, 565 U.S. 134 (2012), overruled *Jimenez* and altered the ninety-day deadline set out in *Jimenez*.  As discussed above, *Jimenez* did not set out a ninety-day deadline.  However, *Gonzalez* did make clear  that "with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" under § 2244(d)(1)(A) when the time for seeking such review expires . . . ."  *Id.* at 154.

and is subject to equitable tolling at the discretion of the district court. *Id.* (citing *United States v. Wynn*, 292 F.3d 226, 229-230 (5th Cir. 2002)).

Equitable tolling is permissible only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Nor do illiteracy, lack of legal training, or ignorance of legal rights toll the limitations period. *Id.* (citing *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1991) and *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Nevertheless, the habeas statute of limitations must not be applied too harshly because dismissal of a first habeas petition is a serious matter. *Manning v. Epps*, 688 F.3d 177, 183-184 (5th Cir. 2012).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman*, 184 F.3d at 402 (citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A garden variety claim of excusable neglect does not support equitable tolling. *Id.* A petitioner seeking to have the AEDPA limitations period tolled must show (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in the way of his timely filing his habeas petition. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). The diligence required for equitable tolling is reasonable diligence, not maximum feasible diligence. *Holland v. Florida*, 560 U.S. 2549, 2565 (2010)(internal citations and quotations omitted).

Petitioner has made neither showing in this case.  Petitioner's attorney filed his federal petition late because he misread the *Jimenez* case, but an attorney's mistake is not an extraordinary circumstance that warrants equitable tolling.  *Cousin v. Lensing*, 310 F.3d 843, 848-849 (5th Cir. 2002)(gathering cases).   "Additional support for the proposition that attorney error does not trigger equitable tolling is the longstanding rule that prisoners are not entitled to counsel during habeas proceedings and thus cannot state a claim for ineffective assistance during those proceedings."  *Id.* at 848.  Also, if a court were to excuse attorney error, it "would lead to perverse results, in that the procedural errors of trained attorneys would be dealt with less harshly than would be mistakes by pro se litigants."  *Id.* at 849.  *See also United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002)(*Cousin* erased any doubt that an attorney's error or neglect does not warrant equitable tolling).

Petitioner cites *Patterson*, 211 F.3d 927, where the court tolled the statute of limitations for a *pro se* petitioner after he was mislead by the district court about the deadline for filing his petition under 28 U.S.C. § 2255.  Both the petitioner and the district court appeared to misunderstand the filing deadline and the Fifth Circuit found the circumstances sufficiently rare and extraordinary to warrant equitable tolling of the limitations period.  *Id.* at 931-932.  Petitioner's case is factually distinguishable from *Patterson* in that neither Petitioner nor his attorney were mislead about the filing deadline.  Petitioner's attorney was mistaken about filing procedures and deadlines in habeas cases, but as discussed above, attorney error and neglect do not provide a basis for equitable tolling.

Nor has Petitioner shown that he acted diligently to pursue his rights.  Even if he believed that his conviction became final on August 17, 2016, he waited almost a full year from that date before filing his state habeas petition, leaving him with only a few days to file his federal petition once his state petition was denied.  While there is no bright line when determining whether a petitioner acted diligently, the Fifth Circuit has held that state prisoners who waited between four and six months after the AEDPA limitations period began to run to file their federal petitions did not exercise due diligence.  *Tsolainos v. Cain*, 540 Fed. Appx. 394, 399-400 (5th Cir. 2013)(per curiam)(citing *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) and *Koumjian v. Thaler*, 484 Fed. Appx. 966, 968-969 (5th Cir. 2012)).  *See also Palacios v. Stephens*, 723 F.3d 600, 606 (5th Cir. 2013)(seven month delay after petitioner learned of the denial of his PDR before filing federal habeas was one factor in finding Petitioner did not act diligently in pursuing his rights).  Petitioner has offered no explanation for why he waited almost a year after his PDR was refused to file his state habeas petition and has otherwise failed to show that he is entitled to equitable tolling of the statute of limitations.

### C.  State Court Habeas Proceedings

Petitioner contends that his due process rights were violated in the state habeas proceedings.  Respondent counters that allegations regarding infirmities in state habeas proceedings do not constitute grounds for habeas relief, citing in support *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984) and *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995).  Respondent is correct.  As the Fifth Circuit explained in *Reneau v. Cockrell*, 31 Fed. Appx. 151 (5th Cir. 2001), it is well-settled that the "no state habeas infirmities

rule" is based on one of the jurisdictional prerequisites of federal habeas review—that a writ of habeas corpus can be granted only on the ground that the person is in custody in violation of the Constitution or laws or treaties of the United States.  *Id.* at *6 (citing 28 U.S.C. § 2254(a)).  "[A] claim that a state's post-conviction procedures violate 'the Constitution or laws or treaties of the United States is not a claim that the petitioner's *custody* violates 'the Constitution or laws or treaties of the United States.'"  *Id.* at *7 (emphasis in original).  "Accordingly, in federal habeas cases, '[w]e look only to the trial and direct appeal.'"  *Id.*, (citing *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992)).  Accordingly, Petitioner's claims arising out of the state habeas court proceedings should be dismissed with prejudice for failure to state a claim.

### D.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under

§ 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his first two claims be dismissed on procedural grounds and his third claim on the merits. Reasonable jurists would not find it debatable that Petitioner's claims are time-barred or that his allegations regarding the state habeas proceedings fail to state a claim for habeas relief. Therefore it is further recommended that any request for a COA be denied because he has not made the necessary showing for such issuance.

## RECOMMENDATION

It is respectfully recommended that Respondent's motion for summary judgment (D.E. 11) be GRANTED.   Petitioner's claims of ineffective assistance of trial and appellate counsel should be DISMISSED with prejudice because they are time-barred. Petitioner's claims based on the state habeas proceedings should be DISMISSED with prejudice because they do not state a claim for habeas relief.  It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 29th day of May, 2018.

B. JANICE ELLINGTON

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).