United States District Court
Southern District of Texas
**ENTERED**
March 28, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEPHEN CLARK | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-40 |
| | § | |
| LORIE DAVIS-DIRECTOR TDCJ-CID | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

On May 29, 2018, Magistrate Judge B. Janice Ellington issued a "Memorandum and Recommendation," recommending that Respondent's motion for summary judgment be granted, Petitioner's application for habeas corpus relief be dismissed with prejudice, and a Certificate of Appealability be denied. D.E. 15. On June 11, 2018, Petitioner timely filed objections. D.E. 16. The Court reviews each objection in turn below.

### A. Objections

First, Petitioner objects to the Magistrate Judge's conclusion that his petition for federal habeas relief was untimely, arguing that *Jimenez v. Quarterman*, 555 U.S. 113 (2009), provided a reasonable basis for Petitioner's counsel to believe that his petition was timely. In *Jimenez,* the Supreme Court narrowly held that a conviction is not final when a state court grants the defendant an out-of-time direct appeal. *Id*. at 119. Here, Petitioner was not granted an out-of-time direct appeal and he failed to timely file his federal habeas petition within the one-year limitations period from the date his judgment became final. Petitioner concedes that the Court is bound by *Gonzalez v. Thaler*, 565 U.S. 134 (2012), holding that a judgment becomes "final" on the date that the time for review from the state's highest court expires. But he suggests that his

interpretation that *Jimenez* added 90 days to his filing deadline is the "better-reasoned decision." In light of precedent, the Court OVERRULES Petitioner's first objection.

Petitioner's second objection argues that equitable tolling applies to his untimely petition. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner claims that he pursued his rights diligently and did not "sit on his hands." Yet, he waited almost a year to file his state habeas petition. The Magistrate Judge correctly stated that the justifications for equitable tolling occur only in "rare and exceptional" circumstances, not including the misinterpretation of case law by Petitioner's attorney. Petitioner also cites to case law that involved extraordinary circumstances not present here. *See Holland v. Florida,* 560 U.S. 631, 652 (2010) (attorney's failure to communicate with petitioner over a period of years, research the law, and timely file the petition despite petitioner's repeated pleas to do so was far more than "excusable neglect"). Accordingly, Petitioner's second objection is OVERRULED.

Petitioner next objects to the Magistrate Judge's conclusion that the alleged infirmities in his state habeas proceedings are not grounds for federal habeas relief. *See Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984); *see also Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995). Petitioner fails to argue any alleged error in the Magistrate Judge's findings of fact or conclusions of law. Rather, his objection is a disagreement with the result. Thus, the Court OVERRULES Petitioner's third objection.

Finally, Petitioner objects to the Magistrate Judge's sua sponte recommendation that no Certificate of Appealability be issued. A Certificate of Appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). The petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims on the merits debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When claims are dismissed on procedural grounds, the petitioner must show that reasonable jurists would debate whether petitioner stated a valid claim and whether the district court's holding was correct. *Id*. The Magistrate Judge recommended that Petitioner's claims regarding the statute of limitations and equitable tolling be dismissed on procedural grounds and that the alleged due process violations in the state proceeding be dismissed on the merits. Petitioner argues that his previous objections show that there are debatable issues present. Those arguments have already been rejected; Petitioner's untimely petition is not reasonably debatable. Petitioner's final objection is OVERRULED.

## B. Conclusion

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court OVERRULES Petitioner's objections and ADOPTS as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's motion for summary judgment (D.E. 11) is GRANTED and Petitioner's application for habeas corpus relief (D.E. 1) is DENIED. In the event that Petitioner seeks a Certificate of Appealability, the request is DENIED.

SO ORDERED this 28th day of March, 2019, at McAllen, Texas.

_____
Randy Crane
United States District Judge